UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NATIONSTAR MORTGAGE LLC dba MR.
COOPER,

                     Plaintiff,

    v.

STONEFIELD HOMEOWNERS
ASSOCIATION and RODNEY
COFFMAN,

                  Defendants.

Case No. 3:17-cv-00627-MMD-WGC

ORDER

## I.   SUMMARY

This action arises from a non-judicial foreclosure sale ("HOA Sale") of real property located at 8670 Kelpie Court, Reno, NV 89506 ("Property") to satisfy a homeowners' association lien. (ECF No. 43-1 at 5.) Before the Court is Plaintiff Nationstar Mortgage LLC dba Mr. Cooper's ("Nationstar") motion for summary judgment ("Motion") (ECF No. 43). Because the relevant deed of trust ("DOT") is a protected interest of the Federal National Mortgage Association ("Fannie Mae"), the Court finds 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") preserved the DOT despite the HOA Sale. Accordingly, the Court will grant the Motion, and declares that Fannie Mae's DOT continues to encumber the Property.[1]

## II.   BACKGROUND

Defendant Rodney Coffman financed the purchase of the Property with a $240,000 loan ("Loan") from Bank of America, N.A. ("BANA") in October 2007. (ECF No. 21-1 at 4.)

///

---

[1]In addition to the Motion, the Court has considered the response (ECF No. 47), joinder (ECF No. 49), and reply (ECF No. 52).

In November 2007, Fannie Mae acquired the Loan from BANA and thus the note ("Note") and DOT it secured. (ECF No. 21-5 at 3, 7.) Fannie Mae was thereafter placed under the Federal housing Finance Agency's ("FHFA") conservatorship in 2008[2] and has been in conservatorship since. *See, e.g.*, FHFA, History of Fannie Mae & Freddie Mac Conservatorships, http://www.fhfa.gov/Conservatorship.

On February 24, 2011, BANA recorded a corporate assignment of the DOT to BAC Home Loan Servicing, LP ("BAC"). (ECF No. 43-3.) BANA succeeded BAC's interest in the DOT by merger. (ECF No. 43-4.) On June 17, 2013, BANA recorded an assignment of the DOT to Nationstar. (ECF No. 43-5.)

Due to Coffman's default on paying HOA assessments, Stonefield Homeowners Association ("HOA") recorded a Notice of Delinquent Assessment Lien, followed by a Notice of Default and Election to Sell, and a Notice of Foreclosure Sale against the Property. (ECF Nos. 43-7, 43-8, 43-9.) The HOA sold the Property at the HOA Sale on September 4, 2013, for $240. (ECF No. 43-10.) The HOA then transferred the Property to Coffman via a quitclaim deed in October 2016. (ECF No. 43-11 at 2.)

Fannie Mae maintained ownership of the DOT at the time of the HOA Sale and Nationstar was its servicer. (ECF No. 43-2 at 2–3, 7, 13.) At no time did the FHFA consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. (*See* ECF No. 43-12 (FHFA's Statement on HOA Super-Priority Lien Foreclosures.)

///

///

///

---

[2]The Court grants Nationstar's request for judicial notice (ECF No. 43 at 3 n.1, 7–8) of the following: (1) facts derived from the publicly available records of the Washoe County Recorder; (2) FHFA's statement available on the federal government's website regarding FHFA's policy not to consent to the extinguishment of property of the Enterprises—including Fannie Mae; (3) the fact that Fannie Mae was placed under FHFA's conservatorship in 2008 per FHFA's website; (4) Fannie Mae's Single-Family Servicing Guide available on its website; and (5) BANA's merger statement. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the Federal Deposit Insurance Corporation's website).

Fannie Mae sold its interest in the Note and DOT on December 22, 2016, but repurchased the Note and DOT in September 2017. (ECF No. 21 at 2; ECF No. 21-4; ECF No. 43-2 at 4, 10.)

### III.    LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

///

## IV.    DISCUSSION

This Court has previously noted "[t]he Federal Foreclosure Bar prohibits nonconsensual foreclosure of Federal Housing Finance Agency ("FHFA") assets." *Springland Vill. Homeowners Ass'n. v. Pearman*, No. 3:16-cv-00423-MMD-WGC, 2018 WL 357853, at *2 (D. Nev. Jan. 10, 2018) (citing *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017)). "As a result, the Federal Foreclosure Bar generally protects Fannie Mae's property interests from extinguishment if Fannie Mae was under FHFA's conservatorship, possessed an enforceable property interest at the time of the HOA Sale, and did not consent to such extinguishment." *Id.* (citing *Berezovsky*, 869 F.3d at 933).

Nationstar moves for summary judgment on its claims for declaratory relief and quiet title based on the Federal Foreclosure Bar (ECF No. 1 at 8, 9). (ECF No. 43.) Nationstar argues that the DOT encumbering the Property at the time of the HOA Sale was not extinguished because Fannie Mae owned the DOT and Note. (*Id.*) Defendants jointly oppose the motion for several reasons Coffman provides. (ECF Nos. 47, 49.) Coffman argues that the Federal Foreclosure Bar does not apply here because: (1) the complaint must be brought by the FHFA as the real party in interest; (2) Fannie Mae does not own the Note; and (3) Nationstar is judicially estopped from claiming it is "merely the servicer of the loan for Fannie Mae" in this action because Nationstar purportedly took a clearly inconsistent position in bankruptcy proceedings. (ECF No. 47.) Coffman's arguments are unavailing.

### A.    Whether Complaint Must be Brought by the FHFA

Coffman's argument that the FHFA must be the plaintiff in this case for the Federal Foreclosure Bar to apply (ECF No. 47 at 5–6) is baseless. Both the Ninth Circuit and the Nevada Supreme Court have ruled that servicers, like Nationstar here, may assert the Federal Foreclosure Bar to protect the interests of regulated entities such as Fannie Mae and Freddie Mac. *See, e.g.*, *Saticoy Bay, LLC v. Flagstar Bank, FSB*, 699 F. App'x 658, 659 (9th Cir. 2017) ("[T]he loan servicer, acts as Fannie Mae's agent, and has standing to assert a claim of federal preemption."); *Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*,

396 P.3d 754, 758 (Nev. 2017) ([W]e hold that the servicer of a loan owned by a regulated entity may argue that the Federal Foreclosure Bar preempts NRS 116.3116, and that neither Freddie Mac nor the FHFA need be joined as a party.").

### B.   Ownership of the Note

Coffman next contends that Fannie Mae does not own the Loan for two reasons.

First, Coffman argues that Nationstar has identified a mortgage backed security trust as the owner of the Note and Fannie Mae appears to be merely the trustee of the trust. (ECF No. 47 at 6–8.) Coffman concludes that the Note is therefore owned by the trust—not Fannie Mae—and Fannie Mae thus has no interest in the Note. (*Id.* at 8.) Coffman's argument amounts to a contention that Fannie Mae's Loan was securitized at the time of the HOA Sale and therefore did not belong to Fannie Mae.

The argument falters as, among other things, it appears the Loan was no longer securitized at the time of the HOA Sale—or at any time after December 2010. (ECF No. 52-1 at 3 (sworn declaration of Fannie Mae's Assistant Vice President explaining that the accompanying exhibit reflects the Loan was no longer securitized "at any time after December 21, 2010").) Further, even if the Loan remained securitized at that time, that fact does not change whether Fannie Mae owned the Loan or assumed the protection of the Federal Foreclosure Bar. *See, e.g.*, *FHFA v. SFR*, 893 F.3d 1136, 1142, 1145-46 (9th Cir. 2018) (describing securitized mortgage loans as "asset[s] belonging to the Enterprises" and part of the Enterprises' "mortgage portfolios" which the FHFA succeeds to); *Fannie Mae v. Villas at Huntington Homeowners Ass'n*, No. 2:16-CV-2968-JCM-GWF, 2018 WL 2993532, at *4 (D. Nev. June 14, 2018) (internal quotations and citations omitted) ("[S]ecuritization of the loan does not alter Fannie Mae's ownership or FHFA's ability to succeed to ownership of Fannie Mae's interest."); *see also A&I Series 3, LLC v. Fannie Mae*, No. 71124, 2018 WL 3387787, at *1 (Nev. July 10, 2018) ("[E]ven assuming that the subject loan or deed of trust was securitized, it remained an asset or property of Fannie Mae while it was under the FHFA's conservatorship, considering the evidence in the

///

record that Fannie Mae securitizes a pool of residential mortgage loans by depositing them into a common-law trust of which Fannie Mae is the trustee.").

Second, Coffman argues that because at the time of the HOA Sale the assignment of the DOT did not reflect that the Note was owned by Fannie Mae, and only reflected that it was assigned to Nationstar, the Federal Foreclosure Bar does not apply. (ECF No. 47 at 8.) However, Fannie Mae's property interest as owner of the Loan is recognized where Nationstar—Fannie Mae's authorized representative—appears as the record beneficiary of the DOT. *See, e.g.*, *FHFA*, 893 F.3d at 1149 ("Nor did the absence of the Enterprises' names in the mortgage loans' local recording documents at the time of the HOA sales undercut the Enterprises' interests and provide SFR free and clear title to the Properties."); *Berezovsky*, 869 F.3d at 932 ("Although the recorded deed of trust here omitted Freddie Mac's name, Freddie Mac's property interest is valid and enforceable under Nevada law."). Thus, this argument is without merit.

### C.    Judicial Estoppel

Finally, Coffman argues that Nationstar should be judicially estopped from relying on the Federal Foreclosure Bar based on Fannie Mae's ownership of the DOT because in prior bankruptcy proceedings[3] Nationstar and its predecessor in interest—BANA— claimed to be the secured creditor of the Note and DOT. (ECF No. 47 at 2–5.) Coffman argues that this position is inconsistent with Nationstar's present claim that it is Fannie Mae's servicer and as such Nationstar is precluded from making the latter claim. (*Id.*) Nationstar counters, noting that Coffman's position is faulty. (ECF No. 52 at 8.) The Court Agrees with Nationstar. Even assuming Coffman is correct on the law, he provides no authority to support the position that Nationstar cannot be both the secured creditor in bringing enforcement actions on behalf of Fannie Mae[4] and be the record beneficiary of

///

---

[3]Coffman cites ECF Nos. 47-1 through 47-5 from the relevant bankruptcy proceedings.

[4]*See* ECF No. 52-2 at 2, 5–6 (Fannie Mae's single family servicing guide providing that a servicer is required to "[t]ake all actions that are necessary to protect Fannie Mae's

the DOT and servicer of the Note. To be clear, an inconsistent statement would be for Nationstar to have previously claimed that it owned the Note or that another entity was servicer. As the latter is not Coffman's argument here, there is no basis for the Court to conclude that Nationstar has taken inconsistent positions between this case and the prior bankruptcy proceedings.

There is otherwise no dispute that the Federal Foreclosure Bar operates to preserve the DOT here. It is undisputed that Fannie Mae was placed into conservatorship under FHFA in September 2008 and did not consent to the HOA Sale purportedly extinguishing or foreclosing Fannie Mae's interest in the Property. (ECF No. 43-12.) Fannie Mae acquired an enforceable interest in the Note and DOT in 2007. (ECF No. 21-5 at 3, 7; ECF No. 43-2 at 3, 7.) Fannie Mae continued to hold its interest at the time of the HOA Sale in September 2013. (ECF No. 43-2 at 2–3, 7, 13.) This is all demonstrated in the public record and Fannie Mae's business records. Given these facts, the Court finds the Federal Foreclosure Bar operated to preserve Fannie Mae's DOT from extinguishment at the time of the HOA Sale.

The Court accordingly grants Nationstar's motion for summary judgment on its quiet title and declaratory relief claims (ECF No. 43).

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Nationstar's motion for summary judgment (ECF No. 43) is granted. The Court declares that Fannie Mae's senior deed of trust continues to encumber the property located at 8670 Kelpie Court, Reno, NV 89506.

///

///

interests" during bankruptcy proceedings, including to appear in the bankruptcy proceedings and "prepare and file a proof of claim").

It is further ordered that in light of the Court's ruling in favor of Nationstar that the HOA Sale did not extinguish the DOT, Nationstar's remaining claims (*see* ECF No. 1) are dismissed as moot.

It is further ordered that the Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 9th day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE